

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE PINZ,<br><br>           Plaintiff,<br><br>    v.<br><br>BATH AND BODY WORKS, INC., and DOES 1 through 20, inclusive,<br><br>           Defendants. | CV 03-2160 RSWL (CWx)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** |

    Presently before the Court is Defendant Bath and Body Works, Inc.'s Motion for Judgment on the Pleadings. After considering the papers and arguments filed in support of and in opposition to this Motion, the Court hereby **DENIES** Defendant's Motion.

    As a preliminary matter, Defendant asks this Court to take Judicial Notice of documents filed in this case in state court. This Court **GRANTS** this Request.

Under California law, the statute of limitations does not begin to run merely because a plaintiff has knowledge of an injury and its cause. <u>Ward v. Westinghouse Canada, Inc.</u>, 32 F.3d 1405, 1407 (9th Cir. 1994). Although a plaintiff has determined the factual cause of her injuries, she is not on notice until she is or should be aware that the cause was due to the defendant's wrongdoing. <u>Id</u>. at 1408.

Plaintiff knew at the date of the fire that the decedent died from a fire caused by candles placed on the countertop. However, it is not clear from the face of the pleadings that Plaintiff had reason to know of Defendant's involvement in the fire before the site investigation. Therefore, under California law, this Court must assume for purposes of Judgment on the Pleadings that the statute did not begin to run until January 24, 2003, and thus that Plaintiff's First Amended Complaint was filed within the limitations period.

Although the question of whether Plaintiff filed within the limitations period may properly be the subject of a later motion, it cannot be resolved on the pleadings. This Court **DENIES** the Motion for Judgment on the Pleadings on this ground.

Accordingly, Plaintiff also did not need to substitute

1  Defendant for an original "Doe" defendant to meet the
2  limitations period.  This requirement is only significant if
3  Plaintiff wished the benefit of the "relation back" doctrine
4  to avoid the statute of limitations.  California Code Civ.
5  Proc. § 474; See also Ingram v. Superior Court for County of
6  Sutter, 98 Cal. App. 3d 483 (1979).  Plaintiff does not
7  argue that she is entitled to have her amended complaint
8  "relate back" for limitations purposes.  This Court **DENIES**
9  the Motion for Judgment on the Pleadings on this ground, as
10 well.
11
12     Finally, Defendant is correct that a District Court may
13 strike false or sham pleadings.  See Ellingson v. Burlington
14 Northern, Inc., 653 F.2d 1327, 1329-1330 (9th Cir. 1981).
15 This includes allegations in a pleading which are
16 inconsistent with those in a prior pleading.  Bradley v.
17 Chiron Corp., 136 F.3d 1317 (Fed. Cir. 1998).
18
19     However, an inconsistent allegation is not
20 automatically a "sham."  Although the allegations of the
21 First Amended Complaint contradict those of the original
22 ///
23 ///
24 ///
25 ///
26

1 | complaint, there is no indication that they constitute a
2 | "false" or "sham" pleading. This Court therefore **DENIES** the
3 | Motion for Judgment on the Pleadings on this basis, as well.

**IT IS SO ORDERED.**

RONALD S.W. LEW

_____
**RONALD S.W. LEW**
United States District Judge

DATED: 8-25-03
(orders\pinz.jonp\w)